**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Antonio VERDUGO–MUNOZ,
Defendant–Appellant.**

**No. 06–10251.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 2009.

Filed Aug. 28, 2009.

Randall M. Howe, Esquire, Assistant U.S., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Tonya Jill Peterson, Esquire, Law Offices, Phoenix, AZ, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, HUG and REINHARDT, Circuit Judges.

**MEMORANDUM***

The known informant who tipped off DEA agents to defendant's drug dealing had a strong incentive to provide truthful information, explained the basis for his knowledge and provided detailed predictions about defendant's future behavior. The agents were also able to corroborate many of the details provided by informant before acting. For example, they confirmed that informant had spoken with defendant on the phone, that defendant in fact went to the meeting place arranged in those phone calls and that the car defendant approached was the same color reported by informant. Defendant's arrest and the search of his car were based on probable cause under the totality of the circumstances. *United States v. Tarazon,* 989 F.2d 1045, 1048–49 (9th Cir.1993); *see, e.g., United States v. Rowland,* 464 F.3d 899, 907–09 (9th Cir.2006). Both were lawful even though the agents lacked warrants. *California v. Acevedo,* 500 U.S. 565, 579–80, 111 S.Ct. 1982, 114 L.Ed.2d

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

619 (1991); *United States v. Jensen,* 425 F.3d 698, 704 (9th Cir.2005).

**AFFIRMED.**